# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 31, 1924.

THE CHESAPEAKE & POTOMAC TELEPHONE COMPANY OF BALTIMORE CITY

VS.

EZRA B. WHITMAN, ET AL., CONSTITUTING THE PUBLIC SERVICE COMMISSION OF MARYLAND.

*Shirley Carter, James Piper, Charles McHenry Howard* and *Henry H. De Vane* for Chesapeake & Potomac Telephone Company.

*J. Wallace Bryan, Wm. Milnes Maloy, Wm. C. Devecmon* and *Attorney-General Thomas H. Robinson* for defendants.

STEIN, J.—

At the hearing of the demurrer in this and that in the Cassell case the

discussion, which was conducted with signal skill and ability by counsel for the various parties, took a very wide range and embraced numerous questions of varying importance, ranging from a question of statutory construction to that of the constitutionality vel non of a provision in a section of the Public Service Commission Law.

I have not attempted to pass upon any of the questions discussed save this:

Is the Commissioner's order of August 18th, 1920, in force, either because of the provisions of the Public Service Act or by virtue of the order of October 21st, 1924?

Under its terms, the order of August 18th, 1920, went into effect on September 1st, 1920, and ran until December 31st, 1921; thereafter and before the expiration of this order, other orders were passed, the last on March 20th, 1924, which continued the order of August 18th, 1920, until June 30th, 1924; before the expiration of which the Telephone Company filed its schedule of new and increased rates effective from November 1st, 1924.

On July 30th, 1924, the Commission ordered an investigation of these new rates, and fixed a hearing on — September, 1924, and while that hearing was going on and was not completed and before any decision therein, the Commission passed the order of October 21st, 1924, restoring the rates in the order of August 18th, 1920; this last order was passed without notice to the Telephone Company.

The counsel for the Commission claims:

A. The time limit on the order of August 18th, 1920, and the orders of extension were void in that under the law the rates fixed by said orders were maximum rates and could not be increased save by another order of the Commission.

B. That the order of October 21st, 1924, was either unnecessary, because the order of August 18th was still in force, or was passed after the hearing required by the Act. I hold:

A. That the Public Service Commission had jurisdiction to pass the order of August 18th, 1920, and by the various extensions, and it and the Telephone Company were bound thereby, so that the rates established by the

above orders were not in force after June 30th, 1924.

B. That the order of October 21st, 1924, was passed without notice and without that opportunity to be heard by law required, and the passage of such order was beyond the jurisdiction of the Commission and the order void.

These rulings merely hold that the Commission as well as the Utility is bound by its own orders, and does not make it impotent, and will not produce the evils pictured by counsel in argument.

In this case I will overrule the demurrer with leave to answer and will issue a preliminary injunction.

In the Cassell case I will sustain the demurrer with fifteen days leave to amend.